# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1799V
### UNPUBLISHED

|  |  |
|---|---|
| MICHELLE BRASSINGTON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 1, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On November 21, 2018, Michelle Brassington filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of an influenza ("flu") vaccine administered on September 21, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 12, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a left SIRVA. On March 31, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $48,290.77. Proffer at 1. The award is comprised of $47,500.00 for past and future

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pain and suffering and $790.77 in unreimbursed medical expenses.  *Id*.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $48,290.77 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

MICHELLE BRASSINGTON, )
)
       Petitioner, )     No. 18-1799V
)      Chief Special Master
       v. )     Brian Corcoran
)     ECF
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
       Respondent. )
)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 9, 2019, respondent filed his Rule 4(c) Report, in which he conceded entitlement. On December 12, 2019, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent now proffers that petitioner receive an award of a lump sum of $48,290.77 in the form of a check payable to petitioner. The award is comprised of the following: $47,500.00 for past and future pain and suffering, and $790.77 in unreimbursed medical expenses. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

 *s/ Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4098
E-mail:  Camille.m.collett@usdoj.gov

Dated:  March 31, 2020